**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RODNEY L. TUBBS )<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　　)<br>　　v　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>CHICAGO POLICE OFFICERS EDWARD )<br>STANCIN, Star No. 8662 and F. BAQAI )<br>Star No. 6851 and other UNKNOWN CHICAGO )<br>POLICE OFFICERS, individually and as )<br>Employees/Agents of the City of Chicago )  | FILED: SEPTEMBER 13, 2008<br>08CV5238<br>JUDGE ST. EVE<br>MAGISTRATE JUDGE VALDEZ<br><br>TC<br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

　　Plaintiff, RODNEY L. TUBBS (hereinafter "TUBBS"), by and through his attorney, , Jeffrey J. Neslund, complains of defendants, CITY of CHICAGO and Chicago Police Officers EDWARD STANCIN, Star No. 8662, F. BAQAI Star No. 6851 and other UNKNOWN CHICAGO POLICE OFFICERS, (hereinafter "DEFENDANT OFFICERS"), Individually and as Employees/Agents of the City of Chicago, as follows:

**INTRODUCTION**

1.　　This action is brought under 42 U.S.C. Sec. 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.  Plaintiff seeks damages stemming from the unlawful use of force against him before, during and after his arrest by the DEFENDANT OFFICERS.

**JURISDICTION AND VENUE**

2.　　This Court has jurisdiction of the action under 328 U.S.C. 1331.  Venue is proper as the Plaintiff TUBBS is a resident of this judicial district and Defendant, CITY OF CHICAGO, is a

municipal corporation located in the Northern District of Illinois. On information and belief, the DEFENDANT OFFICERS are also residents of this judicial district. Further, all the events giving rise to the claims asserted herein occurred within the Northern District of Illinois.

## FACTUAL BACKGROUND

3. TUBBS is a thirty-nine (39) year old mentally disabled individual who lives in Chicago, Illinois.

4. On September 13, 2007, Defendant Officers STANCIN and BAQAI responded to a call of a domestic disturbance at 6807 S. Union in Chicago.

5. The plaintiff, TUBBS, was seated in a vehicle legally parked in front of 6807 S. Union when Defendant Officers STANCIN and BAQAI arrived on the scene.

6. Defendant OFFICERS STANCIN and BAQAI ordered TUBBS out of the car.

7. Defendant STANCIN immediately began to handcuff TUBBS.

8. When TUBBS pulled back, Defendant, STANCIN sprayed mace in TUBB'S face.

9. TUBBS ran across the street as other UNKNOWN CHICAGO POLICE OFFICERS arrived on the scene.

10. TUBBS was tackled to the ground by Defendant STANCIN and other UNKNOWN CHICAGO POLICE OFFICERS.

11. After TUBBS was handcuffed on the ground, Defendant STANCIN and other UNKNOWN CHICAGO POLICE OFFICERS repeatedly kicked and beat TUBBS.

12. After TUBBS was handcuffed on the ground, Defendant STANCIN maced TUBBS in the face and mouth.

13. TUBBS was eventually transported to the 7th District Chicago Police Station.

14. Defendants STANCIN and BAQAI conspired to make false statements and false police reports in an attempt to justify the unreasonable and violent use of force in the arrest of TUBBS.

15. Defendant STANCIN sought felony charges for being pushed in the chest by TUBBS during the course of the arrest.

16. Defendant STANCIN wore a bullet proof vest made of kevlar during his encounter with TUBBS on September 13, 2007.

17. TUBBS was admitted to Holy Cross Hospital on September 14, 2007 for injuries he sustained from the Defendant STANCIN and other UNKNOWN CHICAGO POLICE OFFICERS.

18. All criminal charges brought against TUBBS were resolved in his favor on May 22, 2008.

## COUNT I - 42 U.S.C. Sec. 1983: Excessive Force

19. Plaintiff re-alleges and incorporates paragraphs 1 through 18 as fully stated herein.

20. The acts of the DEFENDANT OFFICERS were a deliberate and malicious deprivation of plaintiff TUBBS Constitutional rights as guaranteed to the plaintiff by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

21. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS, the plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

## COUNT II - State Law Claim: Assault and Battery

22. Plaintiff re-alleges and incorporates paragraphs 1 through 18 as fully stated herein.

23. As described in the preceding paragraphs, the conduct of DEFENDANT OFFICERS, acting under color of law and within the scope of their employment, constituted unjustified and

offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malic, recklessness and willful indifference to Plaintiff's constitutional rights.

25. As a result of the offensive touching, Plaintiff sustained emotional and physical injuries.

26. The misconduct described in this Count was undertaken by DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT III-Failure to Intervene

27. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

28. DEFENDANT OFFICER F. BAQAI, Star No. 6851, knew, or should have known, that DEFENDANT STANCIN would use excessive force on the plaintiff as described above.

29. The DEFENDANT OFFICERS had a realistic opportunity to prevent or limit the harm to plaintiff and failed to take reasonable steps to prevent the harm from occurring to the plaintiff.

30. The DEFENDANT BAQAI's failure to take reasonable steps to prevent harm from occurring to the plaintiff caused the plaintiff harm, including, but not limited to, physical pain and suffering and mental stress and anguish.

31. The conduct described in this Count was undertaken by the DEFENDANT BAQAI under the color of law and within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

## COUNT IV-Section 1983 Conspiracy Claim

32. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

33. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

34. The conduct described in this Count was undertaken by the DEFENDANT OFFICERS under the color of law and within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

## COUNT V-Failure to Provide Medical Attention

35. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

36. In their capacity as Chicago Police Officers, the DEFENDANT OFFICERS are responsible for the care, supervision, transport and safety of the plaintiff who was in custody and under their control.

37. After the Plaintiff, TUBBS, was beaten and maced, the DEFENDANT OFFICERS knew the Plaintiff was in need of medical assistance.

38. The DEFENDANT OFFICERS were deliberately indifferent to the plaintiff's serious medical need and kept him at the $7^h$ District.

39. The DEFENDANT OFFICERS deliberate indifference caused physical harm to the plaintiff, including, but not limited to, unnecessary physical pain and suffering.

40. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS under the color of law and within their scope of employment as Chicago Police

Officers such that their employer, the City of Chicago, is liable for their actions.

## COUNT VI
## State Law claim: Indemnification

41. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

42. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

43. DEFENDANT OFFICERS are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

44. Plaintiff, RODNEY L. TUBBS, respectfully requests that the Court:

   a. Enter judgment in his favor and against the Defendants;
   b. Award compensatory damages against the Defendants;
   c. Award attorneys' fees against the Defendants;
   d. Award punitive damages against CHICAGO POLICE OFFICER EDWARD STANCIN, Star No. 8662, and F. BAQAI, Star No. 6851, in their individual capacities;
   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, RODNEY L. TUBBS, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                                Respectfully submitted,

                                                s:/ Jeffrey J. Neslund
                                                Attorney for Plaintiff

Law Offices of Jeffrey J. Neslund
150 North Wacker Drive, Suite 2460
Chicago, Illinois 60606
(312) 223-1100